IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HAROLD MEADOWS,                          )
                                         )
            Movant,                      )
                                         )
v.                                       )          Civil Action No. 5:03-2418
                                         )          (Criminal Action No. 5:02-00004)
UNITED STATES OF AMERICA,                )
                                         )
            Respondent.                  )

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1]  (Doc. No. 62.)  By Standing Order, the District Court referred this matter to undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 65.)  Having conducted a thorough examination of the record including Movant's Motion, Respondent's Response, Movant's Reply to the Respondent's Response, Movant's Supplemental Pleadings, the record of proceedings in the United States District Court in Case No. 5:02-00004 and Movant's appeal, the undersigned finds that Movant is not entitled to relief and recommends dismissal of this case.[2]

_____

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Title 28, Section 2255 provides that in considering a § 2255 Motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The undersigned has thoroughly examined all documents and evidence in the record in the underlying criminal case (Criminal No. 5:02-0004) and this case and determined that a hearing is not necessary because they conclusively show that Movant is entitled to no relief.

## MOVANT'S CLAIMS AND RESPONDENT'S RESPONSE

On December 5, 2003, Movant filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and a Memorandum in Support. (Doc. Nos. 62 and 63.)  Movant asserts that his counsel was ineffective for: (1) failing to adequately contest his base offense level at sentencing, (2)  failing to obtain a sentencing reduction for acceptance of responsibility, and (3) failing to insure the Rules of Criminal Procedure were observed in the course of Movant's sentencing hearing.  Movant also requests that his sentence be reduced due to family hardship.

On December 18, 2003, the Court filed an Order requiring Respondent to file an Answer to the Movant's Motion.  (Doc. No. 66.) On January 27, 2004, Respondent filed its Response. (Doc. No. 67.)  Respondent asserts that Movant's allegations of ineffective assistance of counsel are without merit and represent an obvious attempt to re-litigate issues fully resolved against him on direct appeal.  First, Respondent asserts that Movant is again attempting to contest his base offense level, which was increased as a result of the District Court attributing to him the sale of a Tec9 or model Tec DC9 firearm, by claiming that his counsel was ineffective for failing to pursue the appropriate objections or properly dispute the nature of the weapon that Movant sold.  Respondent asserts that Movant's claim is meritless given that his counsel objected to such a finding in the context of his Presentence Investigation Report and that such a claim is clearly refuted by the record.  Second, Respondent argues that Movant's assertion that the court denied acceptance of responsibility as a consequence of his counsel's failure to properly advise him as to the implications of his guilty plea is also without merit.  Respondent asserts that Movant was denied acceptance of responsibility because Movant attempted to withdraw his guilty plea and made statements that were plainly refuted by his sworn statements at the plea hearing.  Respondent further asserts that Movant

also attempted to deny the scope of his relevant conduct which called into question his sincerity. Third, Respondent contends that Movant's claim that the District Court did not properly apply Rule 32 of the Federal Rules of Criminal Procedure at his sentencing is likewise without merit in view of the record. Finally, Respondent contends that Plaintiff's request for a sentence departure for personal hardship is not cognizable under 28 U.S.C. § 2255 and that even if the District Court were to construe his request as a motion for modification pursuant to 18 U.S.C. § 3582(c), Movant would still not be entitled to relief as none of the circumstances envisioned by the statute are present in the instant case.    On February 24, 2004, Movant filed a Reply to the Respondent's Response. (Doc. No. 68.) Movant argues that despite Respondent's assertion that he is attempting to re-litigate issues on collateral review, he is sincerely raising a claim of ineffective assistance of counsel.  Movant argues that the record establishes that he did not receive effective assistance of counsel in the underlying proceedings.  Movant also asserts that his mother's poor health warrants a reduction of his sentence.    On April 22, 2004, Movant filed supplemental pleadings and requested permission to supplement his original § 2255 pleadings seeking to include additional grounds to support his claim of ineffective assistance of counsel. (Doc. No. 70.)  Movant asserts that his counsel was ineffective  because his counsel failed to argue that Movant should not have received a sentence enhancement in view of Amendment 599 of the United States Sentencing Guidelines.  Movant also asserts that his counsel was ineffective for failing to adequately argue that he should receive a departure for voluntary disclosure pursuant to U.S.S.G. § 5K2.16.  In support of this claim, Movant asserts that he disclosed to the authorities and accepted responsibility for the offense of selling approximately 50 to 70 guns, and that without his disclosure the offense would have likely have gone undiscovered.

3

## BACKGROUND

Movant was charged in a two-count Indictment filed on January 3, 2002, with (1) engaging in the business of selling firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D), and (2) with transferring, selling, delivering firearms to nonresidents, in violation of 18 U.S.C. §§ 922(a)(5) and 924 (a)(1)(D).  (Doc. No. 4 in 5:02-00004.)   On April 1, 2002, the United States moved the District Court to schedule a guilty plea hearing, and the District Court scheduled the hearing for April 11, 2002.  (Doc Nos. 24 and 25 in 5:02-00004.) Movant appeared for his plea hearing on that day represented by his court appointed counsel, Timothy P. Lupardus, and pled guilty to Count Two contained in the Indictment.  (Doc. Nos. 26-28 in 5:02-00004.)  On August 5, 2002, Defendant appeared for his sentencing hearing and through his counsel advised the Court that he wished to withdraw his guilty plea and proceed to trial.  (Doc. No.  31 in 5:02-00004.) The Court adjourned the hearing to allow counsel time to address the issue and scheduled a further hearing in the matter for August 8, 2002.  (Id.)  The Court advised Movant that if his motion to withdraw his guilty plea was denied the Court would proceed with his sentencing on that same date. (Id.)  Counsel for Movant thereafter filed a Motion and Memorandum of Fact to Withdraw Guilty Plea.  (Doc. No. 32 in 5:02-00004.)  Prior to the Court's ruling on Movant's motion to withdraw his guilty plea, Movant withdrew his motion to withdraw his guilty plea.  Nevertheless, the Court found that should the matter be raised again on direct appeal or collateral review, Movant's motion lacked merit.  (Doc. No. 34 in 5:02-00004.)  The District Court then proceeded to sentence Movant to a sixty (60) month term of imprisonment.  The Presentence Report provided that Movant should be sentenced at Offense Level 28 (Base Offense Level 18 enhanced by 6 levels pursuant to U.S.S.G.

4

§ 2K2.1(b)(1)(C) and 4 additional levels pursuant to U.S.S.G. § 2K2.1(b)(5)) less a reduction of 3 levels for acceptance of responsibility for a Total Offense Level of 25. (Doc. No. 74 in 5:02-0004.) Movant objected to the portion of the Presentence Investigation Report which indicated that a Tec-9 or Intratec DC9, which are included in the definition of a semi-automatic assault weapon as set forth in 18 U.S.C. § 921(a)(30)(A)(viii), was sold by Movant. (Doc. No. 74, Attach. to Addendum.) Movant instead asserted that he had sold an AB-10, which does not qualify as a semi-automatic assault weapon under 18 U.S.C. § 921 (a)(3)(A)(viii), and thus entitled him to a reduction of four criminal offense points. (Id.) The Court overruled Defendant's objections to the base level offense of 18 and denied Movant a reduction for acceptance of responsibility after taking into consideration Movant's attempt to withdraw his guilty plea and the fact that Movant denied that he sold a semi-automatic weapon as described in 18 U.S.C. § 921(a)(30). (Doc. No. 35.)

Movant appealed his conviction and sentence to the Fourth Circuit Court of Appeals. (Doc. No. 58 in 5:02-00004, United States v. Meadows, 68 Fed. Appx. 528, 2003 WL 21694512 (4th Cir. (W.Va.) July 22, 2003.)) In his appeal, Movant alleged (1) that the District Court abused its discretion in denying his motion to withdraw his guilty plea; (2) that the District Court improperly based his offense level upon the sale of a semi-automatic weapon under U.S.S.G. § 2K2.1(a)(5); (3) that the District Court erred in finding that he had not accepted responsibility pursuant to U.S.S.G. § 3E1.1; and (4) that his counsel was ineffective. Finding no error, the Fourth Circuit affirmed Movant's conviction and sentence by unpublished decision dated July 22, 2003. United States v. Meadows, 2003 WL 21694512 (4th Cir. (W.Va.) July 22, 2003). Movant did not seek review of the Fourth Circuit's decision in the United States Supreme Court.

## DISCUSSION

A.   **Movant's Ineffective Assistance of Counsel Claims.**

The relevant portion of § 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under § 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Accordingly, "[e]rrors warranting a reversal on direct appeal will not necessarily support a collateral attack." Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989)(per curiam).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from

raising any constitutional challenge in a section 2255 proceeding which could have been raised in a direct appeal.")  The Court stated as follows in United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993):

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated. Moreover, the Federal Rules of Criminal Procedure now plainly set out the procedure that must be used for challenges to presentencing reports and sentencing procedures.

See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996)(quoting the above passage from Essig and adopting the cause and prejudice standard for § 2255 attacks on sentences following guilty pleas). The standard is conjunctive. As a general matter therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under § 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in § 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000). Ineffective assistance of counsel constitutes cause for failure to raise an issue prior to § 2255 review. United States v. Breckenridge, 93 F.3d 132, 134 fn. 1 (4th Cir. 1996).

When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a movant received adequate assistance of counsel.  Id.  The first prong is competence. Movant must show that the representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at

2064 - 2066.  There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel.  Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The second prong is prejudice. The movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, *i.e.*, that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992). Based upon the foregoing legal standard and having examined the entire record, the undersigned will address each of Movant's claims of ineffective assistance of counsel.

1.    **Counsel's failure to adequately contest Movant's base offense level.**

Movant contends that his counsel failed to adequately contest his base offense level, and asserts specifically that his counsel failed to adequately dispute that Movant sold a Tech 9 firearm, which caused an increase of his base offense level.  The Presentence Investigation Report indicates that his counsel filed an objection to the Probation Officer's finding that Movant had sold a Tec-9 or an IntraTec DC9, a semi-automatic assault weapon as set forth in 18 U.S.C. § 921(a)(30)(A)(viii). (Doc. No. 74, Attach. to Addendum).  His counsel specifically advised that Movant instead sold one AB-10 firearm, which does not qualify as a semi-automatic weapon as defined in the statute, and argued that Movant's criminal offense points should be reduced by four points. (Id.)  The Probation Officer considered Movant's objection and reviewed the evidence that refuted Movant's contention that he did not sell a Tec9 or IntraTec DC9 firearm and concluded that Movant had in fact sold such a weapon.  (Id.)  At Movant's sentencing hearing, the District Court adopted and incorporated the Probation Officer's response to the objection contained in his Addendum to the Presentence Investigation Report.  (Doc. No. 35 at 2.) The District Court noted that the weapon was available at sentencing, as was a recorded conversation with Movant during the investigation of the offense. (Id.)  The District Court also noted that the Government attached to its response to Movant's motion to withdraw his guilty an affidavit and confession signed by Movant which provides "I did sell Swirl two Tec-9 with a 32 round clip."  (Id.) Accordingly, the Court overruled Movant's objection to his base offense level.  The Fourth Circuit considered whether the District Court improperly based his offense level upon the sale of a semi-automatic weapon under U.S.S.G. § 2K2.1(a)(5) and found no error.  Accordingly, Movant's assertion that his counsel was ineffective for failing to adequately contest his base offense level by failing to adequately dispute that he sold a semi-automatic weapon

is without merit.

**2.      Counsel's failure to obtain a sentence reduction for acceptance of responsibility.**

Like his claim for ineffective assistance of counsel relating to his base offense level, Movant previously challenged the District Court's denial of sentencing credit for acceptance of responsibility on direct appeal.  Movant now seeks to raise essentially the same claim under the guise of a claim for ineffective assistance of counsel by claiming that his counsel failed to properly advise him as to the implications of his guilty plea.

Pursuant to United States Sentencing Guideline § 3E1.1, a defendant may receive a reduction of his offense level if he "clearly demonstrates acceptance of responsibility for his offense."  In the instant case, the Probation Officer originally recommended a decrease for acceptance of responsibility in his initial Presentence Investigation Report.  However,  prior to Movant's sentencing hearing, the Probation Officer withdrew his recommendation that Movant receive a reduction for acceptance of responsibility given Movant's expressed desire to withdraw his guilty plea and proceed to trial.  The Probation Officer also took into consideration Movant's objection to the Presentence Investigation Report in which Movant denied selling a Tec-DC9.  The District Court adopted and incorporated the Probation Officer's analysis and found that the evidence overwhelmingly supported Movant's guilt.  (Doc. No. 35 at 3.)  The District Court specifically noted that Movant attempted to withdraw his guilty plea despite the overwhelming evidence, causing the Government to produce further proof on the issue, as well as causing the Probation Officer to make additional preparations, before deciding to withdraw his motion to withdraw his guilty plea when he learned that he would be required to take the stand and testify truthfully on the matter.  (Id. at 4.) The District Court concluded that Movant's actions refuted a finding of acceptance of responsibility

in view of Application Note 2(a) to U.S.S.G. § 3E1.1 which provides "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in manner inconsistent with acceptance of responsibility". (Id.)

As noted above, the Fourth Circuit considered the District Court's refusal to give Movant credit for acceptance of responsibility under a plain error standard of review and found no error. Although Movant is now claiming that his counsel was ineffective in explaining the implications of his guilty plea and its effect on a possible reduction for acceptance of responsibility, it is clear that Movant continues to deny responsibility for his crime as he is again denying that he sold a Tec-DC9 as evidenced by his argument in his present Motion. Accordingly, Movant's assertion that his counsel was ineffective for failing to properly advise him as to the implications of his guilty plea and its effect on the District Court's decision to deny credit for acceptance of responsibility is without merit.

> **3.** **Movant's claim that counsel failed to insure the Rules of Criminal Procedure were observed in the course of his sentencing hearing.**

Movant asserts that the District Court failed to properly apply Rule 32 of the Federal Rules of Criminal Procedure at his sentencing hearing.  Movant specifically asserts that the District Court did not address him and make an inquiry whether he had reviewed the Presentence Investigation Report or asked whether he wished to address the Court with regard to his right of allocution.  A review of the sentencing hearing transcript refutes Movant's assertions.  The District Court specifically inquired whether Movant was provided an opportunity to review the Addendum to the Presentence Investigation Report and also provided the Movant the opportunity to address the Court prior to the imposition of his sentence.  Accordingly, Movant's claim is without merit.

4.      Movant's claim that his counsel was ineffective because Movant received
a sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(5).

Movant essentially asserts that his counsel was ineffective for failing to argue that Amendment 599 to the United States Sentencing Guidelines should apply to the circumstances presented in his case because the sentence  enhancements he received pursuant to U.S.S.G. § 2K2.1(b)(5) amount to duplicative punishment for the same crime. Amendment 599 of the United States Sentencing Guidelines became effective on November 1, 2000, and clarifies "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive a weapon enhancements contained in the guidelines for those offenses." U.S.S.G., App. C, Vol. II, amend. 599 (2003)(reason for amendment).  Amendment 599 "directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under §1B1.3 (Relevant Conduct)."  The reasons for Amendment 599 are to "avoid unwarranted disparity and duplicative punishment" and also to "conform application of the guideline weapon enhancements with general principle guidelines."  Id.

Movant was convicted of violating 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 922(a)(5). Because Movant was not convicted of a 18 U.S.C. § 924(c) violation, Amendment 599 is inapplicable.  Accordingly, Movant's assertion that his counsel was ineffective for failing to argue that he should not have received a sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) in view of Amendment 599 is without merit.

5.     **Movant's claim that his counsel failed to argue for a departure for voluntary disclosure pursuant to U.S.S.G. § 5K2.16.**

Movant argues that he received ineffective assistance of counsel because his counsel failed to argue for a downward departure for voluntary disclosure pursuant to U.S.S.G. § 5K2.16.  Movant states that he disclosed to the authorities and accepted responsibility for the offense of selling approximately 50 to 70 guns, and that without his disclosure the offense would have likely have gone undiscovered.  Movant states that after signing an affidavit regarding his disclosures, the Probation Officer recommended a six point enhancement of his base offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(C)[3].  Based on the fact that Movant received additional enhancements, Movant asserts that his counsel failed to adequately prepare a defense or offer anything in mitigation of his sentence during allocution.  U.S.S.G. § 5K2.16 provides:

> If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted.  For example, a downward departure under this section might be considered where a defendant, motivated by remorse, discloses an offense that otherwise would have remained undiscovered.  This provision does not apply where the motivating factor is the defendant's knowledge that discovery of the offense is likely or imminent, or where the defendant's disclosure occurs in connection with the investigation or prosecution of the defendant for the related conduct.

The Presentence Investigation Report reveals that Movant did not begin to provide information to authorities until the investigation concerning his criminal conduct was underway.  Movant was therefore not entitled to a departure pursuant to § 5K2.16 because his disclosures occurred in connection with the investigation or prosecution of the Movant for the related conduct.  Accordingly,  Movant's claim is without merit because there is no reasonable probability that the

---

[3] Pursuant to U.S.S.G. § 2K2.1(b)(1)(C), if an offense involves 25 to 99 firearms, the defendant's offense level is increased by six points.

sentencing outcome would have been different had Movant's counsel specifically moved for a departure for voluntary disclosure.

**B.**    **Movant's request that his sentence be reduced due to personal hardship**

Movant's request that his sentence be reduced due to personal hardship is not cognizable under 28 U.S.C. § 2255 as Movant is not claiming that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Movant indicates that he is requesting a sentence departure because of his mother's poor health.  Even if the undersigned construes Movant's request as a motion for modification pursuant to 18 U.S.C. § 3582(c), Movant is still not entitled to relief.  Title 18, United States Code, Section 3582(c) provides:

> **(c) Modification of an imposed term of imprisonment.**–The Court may not modify a term of imprisonment once it has been imposed except that–
>
> > **(1)** in any case–
> >
> > > **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, it finds that–
> > >
> > > > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

14

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress therefore set forth three limited circumstances in which a court may modify or reduce a term of imprisonment, none of which may be deemed to be applicable in Movant's case. The issue as presented is simply not cognizable under 18 U.S.C. § 3582 because the statute does not authorize the District Court to modify or reduce Movant's sentence on the basis of personal hardship. Accordingly, Movant's request for a sentence departure due to personal hardship should be denied.

## PROPOSAL AND RECOMMENDATION

For the foregoing reasons, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's Motion to Supplement his § 2255 Pleadings (Doc. No. 70), **DENY** Movant's Motion to Vacate Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 63), and **DISMISS** this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule

6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Movant, *pro se*.

DATE: January 23, 2007.

R. Clarke VanDervort
United States Magistrate Judge

16